JUSTUS *v.* COOPER.

Although the payee's name in a promissory note have been partially erased so as to be illegible, still a suit on the note may be sustained against the maker by proof that it was executed by him, that it was made payable and was delivered to the plaintiff, that the latter had possession of the note when he commenced the suit, and that his name in it had been erased under circumstances showing the validity of the note not to be affected by the erasure.

On the trial of a suit on such note proved to have been executed by the defendant, the plaintiff offered to prove that the note was originally made

Nov. Term,
1843.

Justus
v.
Cooper.

Tuesday,
December 12.

payable to him, and that he was in possession of it when he commenced the suit. *Held*, that those facts might be proved as links in the chain of the plaintiff's evidence.

ERROR to the *Parke* Circuit Court.

Blackford, J.—This was an action of assumpsit commenced by the plaintiff in error before a justice of the peace. A joint and several promissory note signed by *Wm. Justus*, *Thomas Cooper*, and *Amos Wood*, for 63 dollars, was filed as the cause of action. The payee's name in the note was partially erased, apparently with a knife, so as to be illegible. The note, as a cause of action, was accompanied by an allegation of the plaintiff, that it was made payable to him by the name of *A. Justus*. A plea in denial of the defendant's execution of the note, sworn to by him, was filed. Verdict and judgment for the defendant. The plaintiff appealed to the Circuit Court. Verdict in that Court for the defendant; motion for a new trial overruled; and judgment on the verdict.

On the trial in the Circuit Court, the plaintiff proved the defendant's execution of the note; the plaintiff then offered to prove that the note was originally made payable to him by the name of *A. Justus;* and that he was in possession of the note when he commenced this suit. The Court refused to admit the evidence offered.

The plaintiff could recover on this note by proving that the defendant had executed it; that it was made payable and delivered to him by the name of *A. Justus;* that he had possession of the note when he commenced the suit on it; and that his name in it had been erased under circumstances showing the validity of the note not to be affected by the erasure.

The facts offered to be proved, though not of themselves sufficient to show the plaintiff's right to recover, were links in the chain of his evidence; and he ought therefore to have been permitted to prove them.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T. A. Howard*, for the plaintiff.

*C. Fletcher*, *O. Butler*, and *S. F. Maxwell*, for the defendant.